# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLOUGHBY, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 6:16-CV-03237-DGK ) (Crim. No. 6:10-CR-03051-DGK-1) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## **ORDER DENYING MOTION TO CORRECT SENTENCE**

Petitioner Michael Willoughby ("Petitioner") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 108 months' imprisonment.

Now before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, and the Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 11). Because the Supreme Court recently rejected Petitioner's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion is DENIED. The Government's motion to deny Petitioner's motion is GRANTED.

## **Background[1]**

On August 2, 2010, Petitioner pled guilty, absent a written plea agreement, to one count of being a felon in possession of a firearm. The Court designated Petitioner as an "armed career criminal" under the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e)(1), based, in part, on two prior Missouri convictions stemming from an incident in which he sold drugs to two

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Petitioner's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Petitioner to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

individuals nearly simultaneously. In light of this designation, the Court sentenced Petitioner to the ACCA's mandatory minimum of 15 years' imprisonment. Petitioner appealed, and the Eighth Circuit reversed and remanded this matter for resentencing, finding the Court erred in concluding Petitioner consummated two separate drug deals for ACCA purposes. *United States v. Willoughby*, 653 F.3d 738 (8th Cir. 2011).

The Court ordered a revised Presentence Investigation Report ("PSR") in accordance with the Eighth Circuit decision. In calculating Petitioner's United States Sentencing Guidelines ("Guidelines") range, the Probation and Parole Office found he was eligible for an enhanced base offense level because he had one prior conviction that qualified as a "crime of violence," and one conviction that qualified as a "controlled substance offense." Specifically, the revised PSR found Petitioner's prior Missouri conviction for burglary qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR Third Addendum ¶ 1 (Doc. 36); PSR ¶ 36 (Doc. 19). This enhancement yielded an advisory guideline range of 130 to 162 months. Because this exceeded the statutory maximum of 120 months, the guideline suggestion was reduced to 120 months' imprisonment. The Court sentenced Petitioner to 114 months' imprisonment, 6 months below the statutory maximum.

Petitioner filed the instant motion on June 16, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

## Discussion

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Petitioner argues his prior conviction for burglary no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. In his resentencing, Petitioner was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. Instead, they merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Because Petitioner's claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.

**Conclusion**

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED, the Court will not hold an evidentiary hearing, and the Court declines to issue a certificate of appealability. The Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 11) is GRANTED.

**IT IS SO ORDERED.**

Date: August 30, 2017            /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT